## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHEET METAL WORKERS' LOCAL 19** | : | CIVIL ACTION |
| 1301 South Columbus Boulevard | : | |
| Philadelphia, PA  19147 | : | |
| | : | |
| and | : | |
| | : | |
| **SHEET METAL WORKERS' HEALTH &** | : | |
| **WELFARE FUND OF LOCAL NO. 19** | : | |
| 1301 South Columbus Boulevard | : | |
| Philadelphia, PA  19147 | : | NO. |
| | : | |
| and | : | |
| | : | |
| **SHEET METAL WORKERS' PENSION FUND** | : | |
| **OF LOCAL NO. 19** | : | |
| 1301 South Columbus Boulevard | : | |
| Philadelphia, PA  19147 | : | |
| | : | |
| and | : | |
| | : | |
| **SHEET METAL WORKERS' ANNUITY FUND** | : | |
| **OF LOCAL NO. 19** | : | |
| 1301 South Columbus Boulevard | : | |
| Philadelphia, PA  19147 | : | |
| | : | |
| and | : | |
| | : | |
| **SHEET METAL WORKERS' VACATION FUND** | : | |
| **OF LOCAL NO. 19** | : | |
| 1301 South Columbus Boulevard | : | |
| Philadelphia, PA  19147 | : | |
| | : | |
| and | : | |
| | : | |
| **SHEET METAL WORKERS' SUPPLEMENTAL** | : | |
| **UNEMPLOYMENT BENEFIT (S.U.B.) FUND** | : | |
| **OF LOCAL NO. 19** | : | |
| 1301 South Columbus Boulevard | : | |
| Philadelphia, PA  19147 | : | |
| | : | |
| and | : | |

| | |
|---|---|
| **SHEET METAL WORKERS' JOINT APPRENTICESHIP FUND OF PHILADELPHIA AND VICINITY** <br> 1301 South Columbus Boulevard <br> Philadelphia, PA  19147 | : <br> : <br> : <br> : <br> : <br> : |
| and | : <br> : |
| **SHEET METAL WORKERS' INTERNATIONAL TRAINING INSTITUTE (ITI)** <br> 601 North Fairfax Street <br> Suite 600 <br> Alexandria, VA  22314 | : <br> : <br> : <br> : <br> : <br> : |
| and | : <br> : |
| **INDUSTRY FUND OF THE SHEET METAL CONTRACTORS ASSOCIATION OF PHILADELPHIA AND VICINITY** <br> 1301 South Columbus Boulevard <br> Philadelphia, PA  19147 | : <br> : <br> : <br> : <br> : <br> : |
| and | : <br> : |
| **JOSEPH SELLERS, JR., TRUSTEE SHEET METAL WORKERS' LOCAL 19 BENEFIT FUNDS** <br> 1301 South Columbus Boulevard <br> Philadelphia, PA  19147 | : <br> : <br> : <br> : <br> : <br> : |
| **Plaintiffs** | : <br> : |
| v. | : <br> : |
| **DLM MECHANICAL, INC.** <br> P.O. Box 436 <br> 114 South Washington Street <br> Pottstown, PA 19464 | : <br> : <br> : <br> : <br> : |
| **Defendant.** | : |

## C O M P L A I N T

### The Parties

1.      The Plaintiffs in this action are Sheet Metal Workers' Local Union No. 19 ("Plaintiff

Union"), an unincorporated labor organization within the meaning of Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. Section 185, with its principal office located at 1301 South Columbus Boulevard, Philadelphia, PA 19147 and Sheet Metal Workers' Health & Welfare Fund of Local No. 19, Sheet Metal Workers' Pension Fund of Local No. 19, Sheet Metal Workers' Annuity Fund of Local No. 19, Sheet Metal Workers' Vacation Fund of Local No. 19, Sheet Metal Workers' S.U.B. Fund of Local No. 19, Sheet Metal Workers' International Training Institute (ITI), and Sheet Metal Workers' Joint Apprenticeship Fund of Philadelphia and Vicinity ("Plaintiff Funds"), each of which is an employee benefit plan pursuant to Section 3(3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. Section 1002(3) and the Industry Fund of the Sheet Metal Contractors Association of Philadelphia and Vicinity.  They are due the relief sought from DLM Mechanical,Inc., as set forth below.  Plaintiff Union brings this action on its own behalf and on behalf of its members who are participants in and beneficiaries of Plaintiff Funds.  Plaintiff Joseph Sellers, Jr. is a trustee and fiduciary of the Funds, and brings this action in such capacity on behalf of the Funds.

2. Defendant, DLM Mechanical, Inc. (hereinafter "Defendant") is doing business at P.O. Box 436, 114 South Washington Street, Pottstown, PA 19464.

3. Defendant is engaged in commerce within the meaning of Section 2(6) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. Section 152(6), and has employed members of Plaintiff Union pursuant to a collective bargaining agreement(s) in the Commonwealth of Pennsylvania.

4. Defendant is an Employer within the meaning of Section 2(2) of the National Labor Relations Act and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. Section 152(2) and Section 185; and Sections 3(5) and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Section §1002(5) and Section 1145.

## Jurisdiction & Venue

5. Jurisdiction of the District Court is invoked pursuant to Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. Section 185, in that the Defendant is an employer within the meaning of the Labor Management Relations Act, and party to a collective bargaining agreement which forms the basis and substance of the matters at issue in this litigation; and 28 U.S.C. Section 1337, providing for original jurisdiction in civil actions that arise out of an Act of Congress regulating commerce.

6. Jurisdiction of the District Court is invoked pursuant to the provisions of Section 502 and Section 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§1132 and 1145, in that Defendant is an employer as defined by ERISA. The Eastern District of Pennsylvania is the proper venue under ERISA Section 502(e)(2), 29 U.S.C. §1132(e)(2), because the Plaintiff Funds are administered in this judicial district.

## Cause Of Action

7. The Plaintiff Union and the Defendant are parties to a collective bargaining agreement(s), which requires that the Defendant make certain contributions on a timely basis to the Plaintiff Funds and remit certain payments to the Plaintiff Union within the Commonwealth of Pennsylvania.

8. Defendant has been delinquent in remitting the required monies to the Plaintiffs for at least September 2005 through the present.

9. These amounts are minimum amounts that are due and owing respecting compensation due to members/participants, and Plaintiffs believe that, upon an audit and accounting of the Defendant's payroll records, the actual delinquencies may exceed the above-stated amounts, and that other compensation may be due to the members/participants.

10. These amounts may also change as Defendant makes or fails to make payments related to both additional and prior work performed under the collective bargaining agreement(s).

11. Defendant has been notified of its delinquencies, but has failed or refused to make appropriate and timely payments as required. This failure constitutes a willful derogation of the Defendant's responsibilities to the Plaintiff Union, the Plaintiff Funds and their employees/participants.

12. Plaintiffs are entitled to a provision permitting immediate registration in another District of any judgment entered in this action.

**WHEREFORE**, Plaintiffs request this Court to grant judgment against the Defendant and in favor of the Plaintiffs and to award relief as follows:

a. Judgment in the amount representing the total accumulated delinquency, when this cause of action reaches judgment;

b. An accounting of all amounts due to the various plaintiffs, based upon examination of the Defendant's payroll records;

c. Reasonable counsel fees, interest and costs of suit, including costs of audit;

d. Injunctive relief ordering the Defendant to remit employer reports, contributions, and other required payments in a timely fashion;

e. Liquidated damages as provided by the applicable collective bargaining agreement(s) and by Section 502 of ERISA; and

f. Other relief as the Court deems just and proper.

Respectfully submitted,

**SPEAR, WILDERMAN, P.C.**

BY:\S_____
BENJAMIN EISNER
Suite 1400
230 S. Broad Street
Philadelphia, PA  19102
(215) 732-0101
**BE2225**

Dated: November 17, 2006